IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGELA CREW-DOTHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:16-CV-49 (MTT) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This is at least the third case the Plaintiff has filed in this Court alleging claims arising out of her employment at Carl Vinson VA Medical center. *See Crew-Dothard v. United States, et al*, 5:13-cv-248 (M.D. Ga.); *Crew-Dothard v. United States, et al.*, 5:14-cv-255 (M.D. Ga.). The first two, filed July 10, 2013 and July 8, 2014, were dismissed for failure to serve. Order at Doc. 7, *Crew-Dothard v. United States, et al*, 5:13-cv-248 (Jan. 27, 2014); Order at Doc. 5, *Crew-Dothard v. United States, et al.*, 5:14-cv-255 (Mar. 26, 2015).

In this case, the Plaintiff sued the United States, the Department of Veterans' Affairs, and Carl Vinson VA Medical Center alleging discrimination in violation of various federal and state laws. (Doc. 1). The Defendants United States of America, the Department of Veterans Affairs, and Carl Vinson VA Medical Center moved for a more definite statement, contending the Plaintiff's complaint was so vague and ambiguous that they could not properly prepare a responsive pleading. (Doc. 4). The Court granted the motion and instructed the Plaintiff to file an amended complaint clearly setting forth the laws she contends the Defendants violated, how such laws were

violated, and the relief she seeks for the alleged violations. (Doc. 5). She was also instructed to include a statement concerning jurisdiction and to state her claims in separate numbered paragraphs, which, if practicable, should each be confined to a single set of circumstances. The Court warned that failure to comply with its Order could result in dismissal of the case.

The Plaintiff responded to the Court's Order, attaching over 1,500 pages of documents dealing with the substance of her claim and prior administrative investigation along with a two-page complaint which did not comply with the Court's Order. (Doc. 6). The Plaintiff then filed a Statement of Claim, which the Court construed as an amended complaint. (Doc. 11). The Court again ordered her to recast her allegations into a single, fifteen-page complaint organized by count; to state the date each claim accrued; and to show cause why her allegations are not barred by the statute of limitations. (Doc. 12). She was also ordered to submit a copy of her right-to-sue letters. (*Id.*). The Court warned that failure to comply with this order would result in dismissal. (*Id.*).

The Plaintiff has now filed her amended complaint. (Doc. 13). She has not stated the date each claim accrued as instructed in this Court's previous order. The only possible organization by count of the Plaintiff's claims lists negligent confinement, freedom of speech and freedom of association violations, misrepresentation, being "bullied into a position," assault, violation of civil and veteran preference rights, dissuasion of coworkers from exercising their rights by calling the Plaintiff a "wrongdoer" and "troublemaker," and false light.[1] (*Id.* at 9-11). The claims for negligent confinement and being bullied into a position are ADA claims about reasonable accommodation for

---

[1] Allegations elsewhere in her complaint suggest that she may be attempting to assert other claims, such as hostile work environment, retaliation, and intentional infliction of emotional distress, as well.

2

her disabilities. The freedom of speech and freedom of association claims have no explanation, and the narrative in the first nine pages of the complaint sheds no light on what these claims could be. The misrepresentation claim appears to be a Title VII claim for racial discrimination and failure to promote, although there are also allegations about being passed over for a promotion in favor of a veteran who is not a "10 point preference Veteran." (*Id.* at 10). The assault and false light claims are apparently tort claims under the Federal Tort Claims Act, although there is no allegation that the Plaintiff timely complied with 28 U.S.C. § 2401(b).[2] As for the dissuasion of the Plaintiff's coworkers from exercising their own rights, it is doubtful the Plaintiff has standing to sue because she has not alleged a particularized injury to herself. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical…. For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." (internal quotation marks and citations omitted)).

The Plaintiff submitted a copy of a right-to-sue letter from the Department of Veterans Affairs Office of Employment Discrimination dated November 20, 2012, but she did not include the agency's final decision, so it is unclear which claims this letter applies to.[3] (Doc. 13-5). The letter states that she "may file a civil action within 90 days

---

[2] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

[3] Based on the dates in the recast complaint, this could be the hostile work environment claim the Plaintiff alludes to. (Doc. 13 at 2, 3, 5, 7). Elsewhere, the Plaintiff mentions three EEOC complaints, which may or may not include the "EEO that is now in place.(February 1, 2011)" and/or the Federal Tort Claims Act claim she attaches to the recast complaint. (Docs. 13 at 5, 8; 13-4). These could also be ADA claims

of receipt of this final decision <u>if no appeal to EEOC has been filed</u>; or within 90 days after receipt of the EEOC's final decision on appeal; or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission." (*Id.* at 2).  Because the Plaintiff did not submit a right-to-sue letter from the EEOC, the Court assumes that she did not appeal this decision to the EEOC.  Therefore, she had to file her civil action within 90 days of the receipt of this decision.  Her deadline for filing a civil suit for the claims adjudicated in this proceeding, whichever claims they are, has long since passed.

The Plaintiff also submitted a letter from the Department of Veterans Affairs Office of Regional Counsel denying her claim under the Federal Tort Claims Act.[4]  (Doc. 13-4).  The letter states that "a tort claim that is administratively denied may be presented to a federal district court for judicial consideration.  Such a suit must be initiated within six months of the date of mailing of this notice of final denial, as shown by the date of this letter."[5]  (*Id.* at 2).  The letter is dated January 17, 2014.  (*Id.*).  This suit was filed long after the six-month deadline expired.  (Doc. 1).  If the Plaintiff is attempting to assert this intentional infliction of emotional distress claim in this action, it is also barred.

There is no indication in the recast complaint as to when any of the Plaintiff's other claims accrued.  As far as the Court can tell, they were not presented to

---

about reasonable accommodations.  In sum, the allegations about decisions from the EEOC or any other agencies are far from clear, and the Court has no way of knowing which claims this right-to-sue letter covers.

[4]  This appears to be an intentional infliction of emotional distress claim.  (Doc. 13-4 at 2).

[5] The letter also states that a request for reconsideration may be made within six months, which suspends the option to file suit in federal court.  (Doc. 13-4 at 2).  There is no indication that the Plaintiff filed for reconsideration.  She instead alleges, confusingly, that after the six months had lapsed, the tort should have been granted.  (Doc. 13 at 13-14).

appropriate agencies for resolution before the Plaintiff filed this civil suit or the Plaintiff did not timely file her civil suit, resulting in a statute-of-limitations bar.  The Plaintiff has been warned twice that failure to recast her complaint as ordered, including showing cause why her claims are not time-barred, would result in dismissal.  (Docs. 5, 12).  She has failed to comply with these orders, and her complaint is **DISMISSED without prejudice**.[6]

**SO ORDERED**, this 26th day of August, 2016.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[6] The Court recognizes that the Plaintiff's claims all appear to be time-barred, and thus it is unlikely she could refile this action to assert those claims.  But if they are time-barred, they were barred before she filed this action.